**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 5:26-cv-05910-SSS-KES Date: October 21, 2026

Title: MOHAMMAD FALEH ALMALLAK v. ACTING WARDEN, et al.

---

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PETITIONER: None Present | ATTORNEYS PRESENT FOR RESPONDENTS: None Present |

---

**PROCEEDINGS (IN CHAMBERS): AMENDED Order Temporarily Staying Removal**

On October 6, 2026, Mohammad Faleh Almallak ("Petitioner") filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1), challenging Petitioner's detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). Respondents answered the Petition on October 13, 2026 ("Answer" at Dkt. 10), and Petitioner replied on October 19, 2026 ("Reply" at Dkt. 13).

On October 20, 2026, as required by General Order 26-05, Respondents filed a notice of intent to remove Petitioner to Jordan, his country of origin. (Dkt. 14.)[1] For the reasons explained below, Petitioner's removal is temporarily enjoined until the conclusion of these habeas proceedings.

## I. BACKGROUND

Petitioner entered the U.S. on a visitor visa in 2018 and applied for asylum with USCIS in 2021 or 2022. (Pet. at 6; Answer Ex. A / Dkt. 10-1 at 2 (DHS Form I-213).) Since then, he

[1] General Order 26-05 provides, "During the pendency of an § 2241 Immigration Petition, the government shall provide at least two court days' notice to the petitioner, his or her counsel, and the Court of its intent to remove the petitioner from the Central District of California." (Dkt. 4 at 6, ¶ 6.)

has been living in the U.S. and working legally. (Pet. at 6.) In November 2025, he was detained by ICE custody and placed in removal proceedings, but an immigration judge ("IJ") ordered him released on bond. (Answer Ex. A / Dkt. 10-1 at 3 (DHS Form I-213).) He has no criminal record. (Id.)

On April 26, 2026, an IJ ordered Petitioner removed to Jordan. (Id. at 2-3.) Although that appears to be the basis for Petitioner's current detention by ICE—which began on September 17, 2026—the current enforceability of that removal order is unclear. Petitioner alleges and attaches some evidence that the IJ dismissed his asylum claim for procedural reasons and that he is challenging the removal order in the Board of Immigration Appeals ("BIA"). (Pet. at 6-7; Pet. Ex. E / Dkt. 1-1 at 16-25 (notice of appeal and related documents).) DHS records, in contrast, do not reflect a pending BIA appeal. (Answer Ex. A / Dkt. 10-1 at 3 (DHS Form I-213, stating Petitioner "does not have an appeal pending with the [BIA]")); see also Executive Office for Immigration Review ("EOIR"), Automated Case Information, https://acis.eoir.justice.gov/en/ (A# 243-041-735 (Jordan), last accessed Oct. 20, 2026).) It appears undisputed that neither USCIS nor an IJ has ever ruled on the merits of Petitioner's asylum claim.

## II. DISCUSSION

A temporary stay of removal is appropriate in this case. Such a stay ensures Petitioner's access to counsel, preserves the Court's jurisdiction, and promotes judicial efficiency. Consistent with the aims expressed in General Order 26-05, the Court will attempt to quickly adjudicate Petitioner's claims, which are now fully briefed. A temporary stay protects both Petitioner's interest in the adjudication of his claims and the government's interest in removing noncitizens who are properly subject to removal.

## III. CONCLUSION

IT IS HEREBY ORDERED that Respondents are **enjoined** from transferring, relocating, or removing Mohammad Faleh Almallak (A# 243-041-735) outside of the Central District of California pending a final adjudication of this habeas case.

Initials of Deputy Clerk jd